UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KURTIS CLARK, *et al.*,

        Plaintiffs,  :

  v.

VILLAGE OF SOUTH SOLON
CITY COUNSEL, *et al.*,  :

        Defendants.

Case No. 2:25-cv-0462
Judge Sarah D. Morrison
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

Plaintiffs Kurtis Clark and Julie Scott, proceeding without assistance of counsel, assert thirteen claims against the Village of South Solon City Counsel, Village councilmember James Doughty, Village Mayor Damian Grube, and their neighbor, Timothy Warnock. Between April 29 and August 5, 2025, Plaintiffs engaged in extensive and unnecessary motions practice and the Court ordered Plaintiffs to stop filing documents in this case until further order. (ECF No. 71.) Undeterred, Plaintiffs continued to file. Now before the Court are Plaintiffs' eight pending motions.

For ease of analysis, the Court will address Plaintiffs' eight motions in four buckets. First, Plaintiffs' motions for injunctive relief filed before August 5, 2025. (ECF Nos. 2, 3, and 20.) Second, Plaintiffs' Motion to Preclude Defendants from Utilizing Village-Funded Counsel. (ECF No. 4.) Third, Plaintiffs' Motion for Partial

Summary Judgment. (ECF No. 69.) And fourth, Plaintiffs' motions filed after August 5, 2025. (ECF Nos. 79, 81, and 85.)

I.    ANALYSIS

    A.    **Plaintiffs fail to establish entitlement to injunctive relief.**

At the time the case was filed, Plaintiffs moved for a preliminary injunction (ECF No. 2) and an *ex parte* temporary restraining order (ECF No. 3). Before the Court resolved either motion, Plaintiffs filed a "renewed" motion intended to supplement the earlier-filed motions. (ECF No. 20.) Federal Rule of Civil Procedure 65 governs both temporary restraining orders and preliminary injunctions. "The standard for addressing a motion for a temporary restraining order is the same as the standard applied to a motion for a preliminary injunction." *Ferron v. Search Cactus, L.L.C.*, No. 2:06-cv-327, 2007 WL 2110497, *1 (S.D. Ohio July 13, 2007) (Frost, J.). That standard requires courts to consider:

> 1) whether the movant has shown a strong or substantial likelihood of success on the merits; 2) whether irreparable harm will result without an injunction; 3) whether issuance of a preliminary injunction will result in substantial harm to others; and 4) whether the public interest is advanced by the injunction.

*Id*. While courts "balance" these four factors, "the *existence* of an irreparable injury is mandatory." *EOG Res., Inc. v. Lucky Land Mgmt., LLC*, 134 F.4th 868, 883 (6th Cir. 2025) (quotation and citation omitted). Injunctive relief "is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington Fayette Urb. Co. Govt.*, 305 F.3d 566, 573 (6th Cir. 2002).

Plaintiffs state in conclusory fashion that they have shown a strong likelihood of success on the merits. (ECF No. 2, PAGEID # 34.) They provide no analysis or explanation supporting their conclusion. (*Id*.) There is a similar dearth of support for Plaintiffs' proposition that they stand to suffer irreparable harm without an injunction. In particular, Plaintiffs provide no explanation as to why their alleged harm is irreparable. (*Id*., PAGEID # 35.) Plaintiffs thus fail to establish that they are entitled to temporary or preliminary injunctive relief. The Motions (ECF Nos. 2, 3, 20) are **DENIED**.

  **B.**  **Plaintiffs cannot choose Defendants' counsel.**

In their Motion to Preclude Defendants from Utilizing Village-Funded Counsel, Plaintiffs ask the Court "for an order prohibiting Defendants" from using "taxpayer-funded representation." (ECF No. 4.) There is no legal basis for such an order. The Motion (ECF No. 4) is **DENIED**.

  **C.**  **Plaintiffs' partial motion for summary judgment is improper.**

Next, Plaintiffs move the Court for partial summary judgment based on "Defendants' express and deemed admissions to Requests for Admission[.]" (ECF No. 69, PAGEID # 634.) But the Magistrate Judge struck those so-called admissions as premature. (*See* ECF Nos. 44, 70.) The Partial Motion for Summary Judgment (ECF No. 69) is thus **DENIED**.

  **D.**  **Plaintiffs post-August 5 motions were filed out of Order.**

On August 5, 2025, the Court ordered Plaintiffs "to stop filing documents in this case until further Order of the Court." (ECF No. 71.) Despite the Court's clear

3

directive, Plaintiffs filed motions on October 17 (ECF No. 79), October 22 (ECF No. 81), and November 14, 2025 (ECF No. 85). Those motions are hereby **STRICKEN**.

## II. CONCLUSION

For the above reasons, Plaintiffs' motions filed before August 5, 2025 (ECF Nos. 2, 3, 4, 20, and 69) are **DENIED** and Plaintiffs' motions filed after August 5, 2025 (ECF Nos. 79, 81, 85) are **STRICKEN**.

The parties are **ORDERED** to file a joint proposed amended case schedule **within twenty-one days**. The Court's August 5, 2025 Order (ECF No. 71) remains in effect and the parties shall not file any motions until after an amended case schedule is established for this case. After that time, Plaintiffs are **CAUTIONED** that any future filings must comply with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of Ohio, and this Court's Standing Orders.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

4