**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **KURTIS CLARK,** *et al.*, | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **Case No. 2:25-cv-462** |
| | : | **Chief Judge Sarah D. Morrison** |
| | : | **Magistrate Judge S. Courter M. Shimeall** |
| **VILLAGE OF SOUTH SOLON CITY** | : | |
| **COUNSEL,** *et al.*, | : | |
| | : | |
| **Defendants.** | | |

**<u>OPINION AND ORDER</u>**

This matter is before the Court on *pro se* Plaintiffs Kurtis Clark's and Julie Scott's Motion for Leave to File First Amended Complaint.  (ECF No. 92.)  Defendants the Village of South Solon City Counsel [*sic*], James Doughty Jr., Timothy Warnock, and Damien Grube oppose this request.  (ECF No. 95.)  For the reasons that follow, the Court **DENIES** Plaintiffs' Motion for Leave (ECF No. 92) and **DENIES AS MOOT** Plaintiffs' Motion for Leave to File Exhibits on Electronic Media (ECF No. 93).

**I.      BACKGROUND AND PROCEDURAL HISTORY**

What began as allegations of trespassing on Plaintiffs' property have escalated into allegations of concerted federal constitutional violations asserted against numerous members of the Village of South Solon community and the Village itself, in addition to numerous state-law causes of action.  Specifically, Plaintiffs allege that certain neighbors have conspired to and used their authority as village council members, or personal connection to those members, to harass and retaliate against them after they sought to prevent people from trespassing on their property.

On April 29, 2025, Plaintiffs filed their Complaint, asserting thirteen federal and state causes of action related to the neighborhood dispute.  (ECF No. 1.)

On August 12, 2025, the Court held a Preliminary Pretrial Conference and issued the Preliminary Pretrial Order, setting October 15, 2025, as the deadline for the parties to amend the pleadings.  (ECF No. 73.)

Between filing the Complaint and the Preliminary Pretrial Conference, Plaintiffs filed sixteen premature or frivolous motions in a little more than a three-month span of time, to such an extent that on August 5, 2025, Chief Judge Morrison ordered Plaintiffs to stop filing documents until further ordered to do so by the Court.  (ECF No. 71.)

Two days after the amended pleadings deadline, on October 17, 2025, Plaintiffs first moved to amend their Complaint (ECF No. 79), which was done without permission by the Court. Thereafter, Chief Judge Morrison issued an Opinion and Order, in which she struck Plaintiffs' Motion to Amend as being improperly filed and in violation of her August 5, 2025 Order to cease filing documents.  (ECF No. 88.)  In that Order, Judge Morrison instructed the parties to not file any motions until after the Magistrate Judge had issued an amended case schedule.  (*Id.* at 4.)  This Court issued an amended case schedule on December 12, 2025.  (Order, ECF No. 91.)  Of note, the Court declined to extend the amended pleading deadline, finding that Plaintiffs failed to provide good cause for the extension of previously expired deadlines or for "the extraordinary lengths" proposed.  (ECF No. 91.)

Two months later, on February 18, 2026, Plaintiffs filed their Motion for Leave to File First Amended Complaint.  (ECF No. 92.)  They seek leave to amend more than four months after the original Court-imposed deadline for amendment.  (ECF No. 73.)

## II.     LEGAL STANDARD

Generally, motions to amend pleadings are governed by Rule 15(a) of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 15(a).  However, after the Court has entered a scheduling order and the deadline for amendments has passed, motions to amend the pleadings "first must be analyzed under Rule 16(b) before determining whether the motion satisfies Rule 15(a)." *Cooke v. AT&T Corp.*, No. 2:05-CV-374, 2007 WL 188568, at *1 (S.D. Ohio Jan. 22, 2007); *see also Carrizo (Utica) LLC v. City of Girard, Ohio*, 661 F. App'x 364, 367 (6th Cir. 2016) (citing *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003)).  Under Rule 16, the Court will modify a case scheduling order "only for good cause . . . ." Fed. R. Civ. P. 16(b)(4); *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005).

"The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (citation and quotations omitted); *accord Leary,* 349 F.3d at 906 ("[A] court choosing to modify the schedule upon a showing of good cause, may do so only if it cannot reasonably be met despite the diligence of the party seeking the extension." (citation and quotations omitted)).  Another consideration "[i]n determining whether the 'good cause' standard is met . . . [is] whether the amendment will prejudice the party opposing it." *Korn v. Paul Revere Life Ins. Co.*, 382 F. App'x 443, 449 (6th Cir. 2010); *see also Inge*, 281 F.3d at 625.  But even if the opposing party would not be prejudiced, a plaintiff must still provide good cause for failing to move to amend by the Court's deadline.  *Korn*, 382 F. App'x at 450; *Wagner v. Mastiffs*, Nos. 2:08-cv-431, 2:09-cv-0172, 2011 WL 124226, at *4 (S.D. Ohio Jan. 14, 2011) ("[T]he absence of prejudice to the opposing party is not equivalent to a showing of good cause.")).

If good cause is shown under Rule 16, the Court then considers whether amendment is appropriate under Federal Rule of Civil Procedure 15.  Under Rule 15(a)(2), the Court should freely give leave for a party to amend its pleading "when justice so requires."  *See* Fed. R. Civ. P. 15(a)(2).  "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings."  *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (noting that courts interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the determination of claims on their merits") (internal quotations omitted).

"Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'"  *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).  A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss.  *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

## III.   ANALYSIS

Upon review, the Court finds that Plaintiffs have failed to demonstrate good cause to amend their complaint under Rule 16(b)(4).

Plaintiffs represent that this request for leave to amend is primarily to add conduct that purportedly occurred after the amended pleading deadline, including retaliation, admissions, and municipal decisions.  (Pls.' Mot. to Amend, ECF No. 92.)  They seek leave to modify the causes of action asserted, add additional defendants, and include many additional factual allegations.  Defendants oppose Plaintiffs' request for amendment, contending that this proposed amended

complaint fails to establish good cause, lacks a short and plain statement, would be futile,[1] and would result in undue prejudice to Defendants.  (Defs.' Resp. in Opp., ECF No. 95.)

First, Plaintiffs' request to amend their Complaint fails to demonstrate that they diligently attempted to meet the requirements of the scheduling order.  One of the key factors of this analysis is whether the factual basis to support the amendment was known prior to the expiration of the scheduling order.  *See Cooke*, 2007 WL 188568, at *2.  As to this point, Plaintiffs acknowledge that some of the information was known prior to the expiration of the scheduling order. Nevertheless, they argue that additional facts continued to develop.  The Court is not so convinced. *See Cundiff v. Franklin Cty., Ohio*, No. 2:24-CV-0289, 2025 WL 2910548, at *3 (S.D. Ohio Oct. 14, 2025) ("The Court is not persuaded that Plaintiff's 'evolving appreciation' of the existing fact . . . constitutes due diligence.").  Additionally, Plaintiffs attempt to circumvent the due diligence requirement by asserting a continuing retaliation theory, in that Defendants continued to retaliate against them beyond the pleadings amendment deadline.  That theory is not well-taken, primarily because even if accepted as true, Plaintiffs' proposed First Amended Complaint largely fails to provide dates as to when the alleged conduct occurred, making it impossible for the Court to discern when the information was known by Plaintiffs.

Plaintiffs also argue that the Court had previously forbade them from filing documents so they were unable to comply with the deadline.  For several reasons, the Court is not convinced. True enough, they were ordered to cease filing, but that did not stop Plaintiffs from filing numerous

---

[1] Defendants' arguments regarding Rule 8 and futility go to the plausibility and sufficiency of Plaintiffs' allegations which fall under the District Judge's purview and will not be addressed herein.  *See e.g. Durthaler v. Accounts Receivable Mgmt., Inc.*, 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011) (recognizing the "conceptual difficulty presented" because "denying a motion for leave to amend on grounds that the proposed new claim is legally insufficient is, at least indirectly, a ruling on the merits of that claim"); 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion . . . to dismiss for failure to state a claim upon which relief can be granted . . . .").

documents in violation of that Order.[2]  Nor does it explain why after the prohibition on filing was lifted on December 17, 2025, Plaintiffs did not file this motion for leave until two months later, and a little over a month before the discovery deadline, despite most of the identifiable, alleged retaliatory conduct occurring well before February 2026.  (*See, e.g.*, proposed First Am. Compl. ¶¶ 92-96, ECF No. 92-1, at PAGEID #: 928–29) (alleging that on October 20, 2025, Defendant Warnock placed a false complaint against Plaintiffs' business in retaliation).  Moreover, Plaintiffs now seek leave to amend regarding conduct that they claim largely occurred after the time when they filed their prior attempt at leave (which was stricken for violating Chief Judge Morrison's order forbidding additional filings).  Assuming this is true, this additional attempted explanation fails for the reasons stated herein—namely, the Court sees no support in fact or law for the Plaintiffs' alleged "ongoing retaliation" theory.

Their argument about being previously forbidden from filing documents fails for another reason.  While Chief Judge Morrison's prior order specifically contemplates that there might be more filings *after* this Court issued an amended scheduling order, it didn't guarantee Plaintiffs the right to file an amended complaint.  (*See* ECF No. 88, at PAGEID # 870.)  Whether they can do so now hinges on the analysis before the Court, not just on any prior-issued moratoriums on filing. For the reasons stated herein, Plaintiffs' attempt to file an amended complaint fails to meet Rule 16.

Plaintiffs' attempt to amend their complaint to add new defendants fails for the same reasons.  The proposed First Amended Complaint seeks to add an additional named defendant—

---

[2] For example, Plaintiffs filed ECF No. 77 (Notice of Service of Discovery) on October 6, 2025; ECF No. 79 (Motion to Amend/Correct Complaint) on October 17, 2025; ECF No. 81 (Motion to Strike Improper and Scandalous Filing) on October 22, 2025; ECF No. 85 (Supplemental Motion for Temporary Restraining Order) on November 14, 2025; and ECF Nos. 86 (Reply to Response to Motion to Amend/Correct Complaint) and 87 (Notice of Filing DVD Containing Exhibits) on November 18, 2025.  Thus, the Court is not convinced that the District Judge's August 5, 2025 Order actually dissuaded Plaintiffs from filing documents.

Jordone Rittenhouse—along with five (5) unidentified "John Doe" Defendants. (*See* ECF No. 92-1, at PAGEID ## 901-02.) But Plaintiffs have failed to demonstrate good cause for failing to name Ms. Rittenhouse or other unnamed defendants in their original Complaint. Indeed, a review of the proposed First Amended Complaint demonstrates that Plaintiffs had knowledge of Ms. Rittenhouse's purported involvement in the dispute as early as May 20, 2025, and at the very least prior to the pleading amendment deadline. (*See* proposed First Am. Compl. ¶¶ 43, 53–54, 59, ECF No. 92-1, at PAGEID #: 916, 918, 920.) Furthermore, the alleged conduct by Ms. Rittenhouse in the proposed First Amended Complaint is largely conduct that was already alleged in the original Complaint, despite Ms. Rittenhouse not being named as a defendant. (*Compare* Compl. ¶ 27, ECF No. 1, at PAGEID #: 8, *with* proposed First Am. Compl. ¶ 35, ECF No. 92-1, at PAGEID #: 913.) Moreover, at this late juncture in the case, the Court will not permit Plaintiffs to add in unnamed and unidentified "Doe" defendants when Plaintiffs have failed to provide reasons as to why these individuals had not been identified earlier, or identify what conduct of theirs might be at issue, let alone whether it occurred after the amended pleading deadline. (*See* proposed First Am. Compl. ¶¶ 9–11, ECF No. 92-1 at PAGEID #: 905.)

Given the late stage of the case and the substantial additions included in the proposed First Amended Complaint, Defendants would be prejudiced if the Court permitted Plaintiffs to amend their Complaint at this time. Here, although discovery has technically not closed, the deadline was less than two months away when Plaintiffs filed their motion, and it has already been extended once. If the Court were to permit an amendment of this nature, it would result in additional extensive discovery needed, and in turn, further delays of the discovery and dispositive motion deadlines—all of which would impose additional costs on Defendants and delay progress toward finality. *See Smigelski v. Cluley*, No. 2:20-CV-4812, 2022 WL 1158460, at *3 (S.D. Ohio Mar.

24, 2022) (finding prejudice to defendants when a plaintiff sought to amend four months after the deadline because it "would delay the case, result in additional costs, and disturb Defendants' expectation of finality regarding claims and parties at this stage of the litigation.").

Accordingly, Plaintiffs' Motion to Amend is **DENIED**.  (ECF No. 92.)

## IV. DISPOSITION

For the reasons stated herein, the Court finds Plaintiffs failed to demonstrate good cause to amend their Complaint at this late juncture in the case, and that if the amendment were granted, Defendants would suffer prejudice.  Accordingly, Plaintiffs' Motion for Leave to File First Amended Complaint (ECF No. 92) is **DENIED**, and Plaintiffs' Motion for Leave to File Exhibits on Electronic DVD (ECF No. 93) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

*/s/ S. Courter M. Shimeall*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**

8